**Raymond GLADDEN, Petitioner—Appellant,**

**v.**

**D.L. RUNNELS, Respondent—Appellee.**

**No. 07–16485.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2008.*

Filed May 16, 2008.

Eric M. Weaver, Esq., Law Offices of Eric M. Weaver, Albany, CA, for Petitioner–Appellant.

Doris A. Calandra, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, HAWKINS, and McKEOWN, Circuit Judges.

MEMORANDUM **

Raymond Gladden ("Gladden") challenges the district court's denial of his petition for a writ of habeas corpus under

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

28 U.S.C. § 2254, asserting that he suffered from ineffective assistance of counsel because his trial attorney failed to request a voluntary manslaughter instruction. We affirm the district court's denial of his habeas petition.

Federal habeas relief is warranted only if adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). We examine the decision of Shasta County Superior Court, as it is the last reasoned court decision on the claim raised in this appeal. *Luna v. Cambra*, 306 F.3d 954, 960 n. 3 (9th Cir.2002), *amended by* 311 F.3d 928 (9th Cir.2002).

To establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial assessment of counsel's performance "must be highly deferential," and a court "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052.

Even though the record may have supported a voluntary manslaughter instruction, counsel's failure to request such an instruction did not fall outside this wide range of professional assistance. Counsel's trial strategy was to show that Gladden was not responsible for the events that led to Duane McBroome's death, and that Gladden did not aid or abet any offense committed by Mark Foley and Patrick Cummings. Viewing the matter at the time of counsel's decision, and avoiding

the "distorting effects of hindsight," *id.* at 689–90, 104 S.Ct. 2052, it was objectively reasonable for Gladden's counsel not to request a voluntary manslaughter instruction. But, even if this strategy were deemed deficient, given the substantial evidence supporting his conviction for kidnapping for extortion and the jury's finding that a killing occurred during its course, Gladden was not prejudiced.

**AFFIRMED.**